**AFTRA, SAN DIEGO LOCAL,**
**Petitioner,**

**Midwest Television, d/b/a/ KFMB**
**Station, Intervenor**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

No. 07–71300.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 26, 2008.

ed by 9th Cir. R. 36–3.

Andrew H. Baker, Esquire, Beeson Tayer & Bodine, PC, Oakland, CA, for Petitioner.

Theodore R. Scott, Esquire, Littler Mendelson, San Diego, CA, for Intervenor.

Julie B. Broido, Esquire, Linda Dreeben, Assistant General Counsel, Lester A. Heltzer, Esquire, Gregory Lauro, Esquire, National Labor Relations Board, Washington, DC, Regional Director, Esquire, Regional Director, Los Angeles, CA, for Respondent.

Before: HUG, ROTH,* and CLIFTON Circuit Judges.

## MEMORANDUM **

The American Federation of Television and Radio Artists, San Diego Local (AFTRA) seeks a review of the National Labor Relations Board (NLRB) decision that Midwest Television, Inc., d/b/a KFMB Stations (KFMB) did not violate Sections 8(a)(1) or 8(a)(5) of the National Labor Relations Act (the Act). *See* 29 U.S.C. § 158(a)(1) & (5). At issue is whether KFMB violated the Act when it reduced employee Richard Moorten's hourly wage to the union scale, when Station Manager Ed Trimble sent a letter on September 19, 2001, to all employees explaining the reduction based on AFTRA's bargaining tactics, and when KFMB withdrew Union recognition. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we now deny AFTRA's petition for review.[1]

■ The NLRB determined that KFMB was entitled to unilaterally change Moorten's above-scale wage rate because it resulted from permissive direct dealing. The NLRB, however, need not have reached this issue. AFTRA had revoked KFMB's ability to enter into any new personal service contracts (PSCs) after July 31, 2001. Moorten had not submitted a signed PSC by that deadline. Without a signed PSC, KFMB was within its rights

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This Court will "uphold a decision by the [NLRB] if its findings of fact are supported by substantial evidence and if it correctly applied the law." *East Bay Auto. Council v. NLRB,* 483 F.3d 628, 633 (9th Cir.2007) (internal quotation marks omitted). The Court will defer to the NLRB's interpretation and application of the Act as long as it is "reasonable and not precluded by Supreme Court precedent." *NLRB v. Advanced Stretchforming Int'l Inc.,* 233 F.3d 1176, 1180 (9th Cir.2000) (internal quotation marks omitted).

to reduce Moorten's pay to the union scale. When KFMB reduced Moorten's pay, it simply held AFTRA to its demand. This Court will do the same.

■ Moreover, Trimble's September 19 letter did not violate Section 8(a)(1) of the Act. 29 U.S.C. § 158(a)(1). We concur with the NLRB's determination that the Trimble letter did not threaten employees with unlawful wage reductions in violation of the Act because KFMB's reduction in Moorten's wage was lawful.

■ Finally, the NLRB correctly found that KFMB's withdrawal of Union recognition was not a violation of Section 8(a)(5) of the Act. 29 U.S.C. § 158(a)(5). The NLRB has previously asserted that "an employer may not withdraw recognition from a union while there are unremedied unfair labor practices tending to cause employees to become disaffected from the union." *In re Miller Waste Mills, Inc.,* 334 NLRB 466, 468 (2001). Because the reduction in Moorten's pay and the Trimble letter did not constitute unfair labor practices, no unremedied unfair labor practices existed at the time of the withdrawal.

We conclude that the NLRB properly dismissed AFTRA's complaint. Accordingly, AFTRA's petition for review is **DENIED.**